# MEMORANDA

# CASES NOT REPORTED IN FULL.

---

THOMAS B. LEGGETT AND OTHERS, EXECUTORS, ETC., APPELLANTS, *v.* FREDERICK A. LEGGETT AND OTHERS, RESPONDENTS.

*Executors — when liable for debts which they have neglected to collect — When children of a legatee take from the testator and not from their parent — Power of a surrogate to construe a will.*

APPEAL from a decree of the surrogate of the county of New York, entered on the final accounting of the executors of the last will and testament of William H. Leggett, deceased.

The testator directed his executors to collect all debts owing to him by any of his children, and he defined the debts intended so to be collected in the following words:

"All moneys owing to me by my children will be evidenced by charges on my account books, or by their notes or bonds in my possession; all indorsements made by me for or on account of any of my children, for which my estate shall become chargeable, shall be charged as debts owing by those of my children for whom such indorsements were made, and shall be paid by them."

The sixth clause of the will was as follows:

"*Sixth.* All the rest, residue and remainder of my estate, real, personal and mixed, whatsoever and wheresoever the same may be, I give, devise and bequeath to the executors of this my will herein-after named, in trust, however, to hold and possess the same for and during the term of the natural life of my wife, \* \* \* the net income of my said residuary estate, after the payment of the annuity hereinbefore devised to my wife, shall be applied by my said executors as follows, viz.: They shall yearly and every year divide the same in eight equal parts, and pay over one of said equal

parts to each of my eight children, and in case of the decease of any one or more of my said children before the division of my estate as hereinafter provided, leaving lawful issue, the share of such net income belonging to such deceased child shall be distributed and divided unto and among the lawful issue of such deceased child."

He nominated four of his sons, Edward W. Leggett, Thomas B. Leggett, John W. Leggett, and Francis W. Leggett, to be his executors. The testator died on the 23d day of December, 1863, and on the 19th of January, 1864, his will was admitted to probate, and letters testamentary were granted to the executors named in the will. At the time of his death, his sons Edward W. Leggett and Francis W. Leggett were indebted to him on their partnership notes in the sum of $14,950, and his sons Thomas B. Leggett and John W. Leggett were indebted to him on their partnership notes in the sum of $17,000, and his son Augustus W. Leggett was indebted to him on a bond in the sum of $1,764.81. The executors did not collect any portion of the principal of those debts, but required the several debtors to pay the interest that accrued upon such debts annually, which interest they treated as part of the income of the estate, to be annually divided and paid under the provisions of the sixth clause of the will, after using sufficient thereof to continue two insurance policies on the life of Francis W. Leggett, in the aggregate sum of $8,000, and insurance policies on the lives of Thomas B. and John W. Leggett, each in the sum of $8,500. They paid to Francis W. Leggett the sum of $7,500 to discharge a specific legacy given to him by the will, and they paid the net annual income of the residuary real estate secured by the first provision of the sixth clause of the will to the several children of the testator, as therein directed, without collecting any portion of the principal of the debts above mentioned, or restraining any portion of the legacies given to the several indebted children. The amount of such payments exceeded in the aggregate the gross amounts of their respective indebtedness.

The court at General Term said: " Upon this state of facts the surrogate held that the executors were chargeable in their accounts with the amount of such indebtedness. The learned surrogate, in considering this branch of the case in his opinion, says: ' The first clause of the will clearly states the duty of the executors to collect

the debts due to the estate by the children of the decedent, and it is too clear for argument that the executors had no right either to pay themselves, or any other legatees, any portion of the income upon their legacies until they had first collected the amount of their respective debts to the estate, and it was their obvious duty to have appropriated such income, so far as it would go, to the liquidation of their respective debts, and to the extent of the payment to the debtors of the estate they must be charged.'"

This view of the surrogate is, we think, sustained by the statute and by abundant authority, and we see no reason for disturbing it or doubting its correctness. (*Adair* v. *Brimmer*, 74 N. Y., 558; *Smith* v. *Kearney*, 2 Barb. Ch., 533; *Courtenay* v. *Williams*, 3 Hare, 554; *Campbell* v. *Graham*, 1 Rus. & M., 453; *Jeffs* v. *Wood*, 2 P. Wms., 128; Ramon on Assets, 469; 2 R. S. [Edm. ed.], 86, § 13.)

Edward W. Leggett, one of the children and executors of the decedent, died on the 27th day of January, 1865, about thirteen months after the death of the testator. He died intestate, leaving him surviving eight children, all but two of whom are still living. It does not appear what amount, if any, of the annual net income of the estate had been paid to Edward W. during his life. But it appears that such children were regarded by the surviving executors as standing precisely in his position with respect to the indebtedness of the estate, and to them was annually paid the net income of one-eighth of the residuary estate, less an amount sufficient to keep down the interest on Edward's indebtedness. The amount thus charged to the children of Edward for interest on his debt to the estate and retained by the executors seems to have been in the aggregate $8,432. With this sum the learned surrogate has charged the executors in their account, and decreed that it be accounted for by them to the children of Edward W. Leggett.

The question of the rights of the children depends upon the first provision of the sixth clause of the will, which was operative and controlling at the time of the accounting, the widow of the testator then being living. That portion of the will declares that the executors shall invest and keep invested the residuary estate in the manner therein prescribed, and after payment of the annuity given to the widow, shall divide the net income of such estate into eight equal parts, and pay over one of such equal parts to each of the eight

children, and in case of the decease of one of said children leaving lawful issue the share of such net income belonging to such deceased child shall be distributed and divided into and among the lawful issue of such deceased child. The question here presented is whether the share thus given to the lawful issue of one of the testator's children, who may have died while this provision of the will is controlling, is chargeable in law or equity with his indebtedness to the testator's estate remaining unpaid at the time of his death.

The title to the whole residuary estate is, by the provision, devised and bequeathed to the executors, to be held by them until by the decease of the widow a subsequent provision of the same clause shall become operative and controlling. The only interest which either of the children of the testator took is in the net income which should accrue prior to his or her death. Upon such death the subsequently accruing income is given directly to the children of the decedent's child, and the legacy to such children is, by force of this provision of the will, derived from the testator their grandfather, and not from their deceased parent. Upon the death of Edward W. Leggett, therefore, his children were entitled to receive one-eighth of the net income of the residuary estate by virtue of a direct bequest to them from the testator, and not as heirs or next of kin of Edward W. Leggett. They were not liable for their father's debts, because the bequest was made to them by their grandfather, and he had not thought proper to charge it with such liabilities. From the time of the death of Edward, therefore, his children were entitled to receive one-eighth of the income of the residuary estate, under the first provision of the sixth clause, without any deduction for Edward's unpaid indebtedness.

This is the conclusion reached by the learned surrogate, and we think it is correct.

It is insisted by the learned counsel for the appellant that the surrogate had no right to dispose of this question, because it involved a disputed construction of the will of the testator, and upon that question he cites Bevan v. Cooper (72 N. Y., 317). That authority is, of course, controlling in all cases to which it is applicable. But we think it ought not to be extended beyond cases falling clearly within it, as otherwise almost every accounting by executors affecting the rights of devisees and legatees will be subjected to unnecessary

delays and embarrassments. In this case, however, we think nothing more was required of the surrogate than to apply legal principles to the disputed provisions of the will. It requires no construction of the will, within the meaning of *Bevan* v. *Cooper*, above cited, to hold that the direct gift of one-eighth of the income to the grandchildren of the testator, upon the death of their father, as made by the provision above referred to, is not subject to the payment of the indebtedness of their parent to the testator's estate. For that question depends altogether, as we think, upon the application of legal principles to a plain provision of the will, which neither requires nor permits any "construction."

*John E. Burrill*, for the appellants.

*Ira O. Miller*, for the respondents Frederick A. Leggett, Susan B. Martin, Charles P. and Lester Leggett.

*Thomas H. Hubbard*, for the respondents Catharine M. Allen, Margaret A. Foote and Sarah A. Belden.

Opinion by Davis, P. J.; Brady, J., concurred.

Present — Davis, P. J., and Brady, J.

Decree affirmed, with costs.